UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| TERRANCE DUANE HOLLOWELL, | ) | |
|---|---|---|
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:16-CV-134-PPS |
| | ) | |
| CHASE HOME FINANCE, | ) | |
| JP MORGAN CHASE, NATIONAL | ) | |
| ASSOCIATION, and MORTGAGE | ) | |
| ELECTRONIC REGISTRATION | ) | |
| SYSTEMS, INC. (MERS), | ) | |
| | ) | |
| Appellees. | ) | |

## OPINION AND ORDER

This matter is before the Court on Appellees' Motion to Dismiss Appeal [DE 2]. On September 14, 2015, Hollowell commenced an adversary proceeding in the United States Bankruptcy Court for the Northern District of Indiana. [*Hollowell v. Chase Home Finance et al.*, No. 15-03048-hdc, DE 1.] On October 14, 2015, Appellees (then defendants) moved to dismiss the adversary proceeding. [*Id.*, DE 5.] On January 21, 2016, the bankruptcy court entered an order granting the motion to dismiss and judgment dismissing Hollowell's complaint. [*Id.*, DE 5, 6.] On February 1, 2016, Hollowell moved for leave to file an amended complaint. [*Id.*, 27.] On February 18, 2016, the bankruptcy court entered an order denying Hollowell's motion. [*Id.*, 29.]

Hollowell filed his Notice of Appeal from the bankruptcy court on March 9,

2016 and the entry of that appeal was docketed with this Court on March 10, 2016. [DE 1.] On March 23, 2016, the Appellees moved to dismiss the appeal, arguing that this Court lacks jurisdiction over this appeal because Hollowell's appeal was untimely. For the reasons explained below, the Appellees' motion is granted.

> Pursuant to 28 U.S.C. § 158:
>
> (a) The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees . . . and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.
> . . .
> (c)(2) An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules.

Federal Rule of Bankruptcy Procedure 8002(a)(1) provides that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." This time may only be extended "upon a party's motion that is filed: (A) within the time prescribed by this rule; or (B) within 21 days after that time, if the party shows excusable neglect." Fed. R. Bank. P. 8002(d)(1).

Hollowell had 14 days from the entry of the bankruptcy court's February 18, 2016 order denying his motion for leave to file an amended complaint to file his notice of appeal, a deadline of March 3, 2016. Hollowell missed that deadline by 6 days, filing on March 9, 2016. As a result of Hollowell's untimeliness, the Appellees moved to dismiss

this appeal on March 23, 2016.  Hollowell responded on March 29, 2016 requesting an extension of time to file this appeal.  [DE 4.]  Hollowell's request comes well outside the 14-day deadlines of 8002(a)(1) and 8002(d)(1)(A) and also is 5 days after 8002(d)(1)(B)'s 21-day limit to request extension on the basis of excusable neglect.  All of this is to say, Hollowell's motion for an extension to file an untimely notice of appeal is, in fact, also untimely.  As a result of Hollowell's untimely filings, this Court lacks jurisdiction over this appeal.  28 U.S.C. § 158(c)(2); *In re Monahan*, 3 F. App'x 558, 559 (7th Cir. 2001) (finding that failure to timely file a notice of appeal under Rule 8002(a) "deprives the district court of jurisdiction").

Hollowell's only explanation for his delay is that he "is waiting for a response from Housing for Urban Development (HUD)."  [DE 4.]  This does not constitute "excusable neglect."  Whether "excusable neglect" exists is determined by "all relevant circumstances surrounding the party's omission." *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993).  Factors considered in an excusable neglect argument are the potential prejudice to the movant, the length of the neglect, the reason for the neglect (including whether it was within the movant's control), and whether the movant acted in good faith.  *Id.*  These factors do not favor Hollowell.  As noted, Hollowell flouted both the deadline for his notice of appeal and motion for an extension to file his notice of appeal.  Hollowell's explanation for his delay is not particularly convincing as he has not explained the relevance of the response from HUD or even identified when a request was made of them.  The neglect also was entirely in his

control as he could have moved for an extension earlier, explaining that he was waiting for a response from HUD.

Accordingly, the Appellees' Motion to Dismiss Appeal [DE 2] is **GRANTED** and this appeal is **DISMISSED WITH PREJUDICE.** This case is thereby **CLOSED**. All pending motions are denied without prejudice as moot.

**SO ORDERED.**

ENTERED: April 5, 2016

                                         s/ Philip P. Simon
                                         PHILIP P. SIMON, CHIEF JUDGE
                                         UNITED STATES DISTRICT COURT